David Davidson, Esq. SBN 215969
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. SBN 341732
ptorres@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorney for Defendant,
WALMART, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE BRUNO, an individual, | CASE NO. |
| Plaintiff, | **DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION  UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.** |
| vs. | |
| WALMART, INC., a Delaware corporation; and DOES 1 to 20, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant, WALMART, INC., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of Fresno to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)

1

**NOTICE OF REMOVAL OF ACTION  UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff Louise Bruno is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## INTRODUCTION

1.    On October 8, 2024, plaintiff Louise Bruno ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California in and for the County of Fresno, entitled *Louise Bruno, an individual, v. Walmart, Inc., a Delaware corporation, and DOES 1 to 20, inclusive,*" as Case Number 24CECG04348.  Plaintiff alleges causes of action for negligence and products liability arising out of an incident that is alleged to have occurred on October 26, 2022, in Fresno, California.

2.    Plaintiff's Complaint was served on Defendant on October 9, 2024. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.    Plaintiff served its Offer to Compromise pursuant to C.C.P. § 998 on January 24, 2025. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days of service of the pleading which made the case become removeable.

4.    This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

## BASIS FOR REMOVAL

5.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in

NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446
(DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

6.     At the time of filing her complaint, Plaintiff was a resident and citizen of the State of California, County of Fresno. (Torres Dec., ¶ 3.)

7.     Defendant Walmart is a citizen of Delaware where it is incorporated. and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). A true and correct copy of Walmart's corporate information from the California Secretary of State Business Search is attached as **Exhibit B**. A true and correct copy of Arkansas Secretary of Business/Commercial Services is attached as **Exhibit C.** (Id. at ¶ 4.)

8.     The defendants identified as "Does 1 to 20" in Plaintiff's Complaint are merely fictitious parties who have not been identified.

9.     The inclusion of "Doe" defendants in the state court Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  (See *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs., Inc*., No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc*., No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

10.     In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." (See also, *Goldsmith v. CVS Pharmacy, Inc.*, CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.*, 311

**NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

F.3d 966, 971 (9th Cir. 2002)). The presumption remains that Congress said what it meant and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. (See *Soliman*, 311 F.3d at 966.) The parties are accordingly completely diverse, and jurisdiction is proper.

11.     Plaintiff's Complaint does not specify the amount of damages sought by way of her action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.

12.     Plaintiff served its Offer to Compromise pursuant to C.C.P. § 998 on January 24, 2025, for $890,000.00. (Id. at ¶ 2.) Therefore, the amount of damages exceeds $75,000.

13.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff has alleged damages of $890,000.00. (Torres Dec., ¶ 2-4.)

14.     Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of Fresno to the United States District Court for the Eastern District of California is appropriate.

15.     The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of Fresno,

4

**NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

where this action was originally filed, is located within this federal judicial district. Also, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of Fresno in the State of California. (Torres Dec., ¶ 3.)

16.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

17.   Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Fresno, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

18.   No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of Fresno to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: February 4, 2025          O'HAGAN MEYER

By: *Pilar Torres*

David Davidson
Pilar Torres
Attorney for Defendant,
WALMART INC.

**NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

**DECLARATION OF PILAR TORRES, ESQ.**

I, Pilar Torres, declare as follows:

1.      I am an attorney duly authorized and licensed to practice before this Court. I am an attorney with the law firm of O'Hagan Meyer, counsel of record for defendant WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter.   The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief.  If called as a witness, I could and would testify competently to the matters declared herein.

2.      As a result of the subject fall, Plaintiff served its Offer to Compromise pursuant to C.C.P. § 998 on January 24, 2025, for $890,000.00.

3.      According to the Complaint prepared and submitted by Plaintiff, she resides in Fresno, California. I am informed and believe he has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time she filed her Complaint. The subject accident allegedly occurred on October 26, 2022, at a Walmart store located in Fresno, California.

4.      Plaintiff's Complaint was served on Defendant on October 9, 2024. (See **Exhibit A**) Plaintiff served its Offer to Compromise pursuant to C.C.P. § 998 on January 24, 2025, for $890,000.00. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of the pleading which made the case become removable.

5.      Defendant Walmart is a citizen of Delaware where it is incorporated. and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). A true and correct copy of Walmart's corporate information from the California Secretary of State Business Search is attached as **Exhibit B**. A true and

**NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

O'HAGAN MEYER
ATTORNEYS ▲ ADVISORS

correct copy of Arkansas Secretary of Business/Commercial Services is attached as **Exhibit C.**

6.      A true and correct copy of Defendant Walmart, Inc.'s Answer is attached hereto as **Exhibit D.**

7.      A true and correct copy of Plaintiff's Offer to Compromise is attached hereto as **Exhibit E.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on February 4, 2025.

_____
       Pilar Torres, Declarant

**NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
10/8/2024
Superior Court of California
County of Fresno
By: T. Espinoza, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Walmart Inc., a Delaware Corporation; and DOES 1 to 20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Louise Bruno, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* FRESNO

1130 "O" Street Fresno, CA 93721

**CASE NUMBER:**
*(Número del Caso):* 24CECG04348

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel L. Carter, Esq. and Aman Chahal, Esq. Carter Law Group 2445 Capitol Street, Suite 105 Fresno, CA 93721 (559) 485-1212

| DATE: 10/8/2024 *(Fecha)* | Clerk, by T. Espinoza *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* **Walmart Inc., a Delaware Corporation**
   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>10/8/2024<br><br>**Filed by Court** |

| | |
|---|---|
| TITLE OF CASE:<br><br>**Louise Bruno vs. Walmart Inc., a Delaware Corporation** | |

| | |
|---|---|
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>**24CECG04348** |

**To All Parties and their Attorneys of Record:**    **Daniel L Carter**
**Carter Law Group**
**2445 Capitol Street, Suite 105**
**Fresno CA  93721**

> This case has been assigned to **D Tyler Tharpe,** Judge for **all purposes**.
> All future hearings will be scheduled before this assigned judge, in **Department 501**

You are required to appear at a Case Management Conference on **02/20/2025**  at **3:00 PM** in **Department 97E** of the Court located at 2317 Tuolumne Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:    **10/8/2024**_____        Clerk, by  **Trinidad Espinoza**_____ , Deputy

---

CV-48  R07-21                   **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF**
**OPTIONAL**                             **JUDGE FOR ALL PURPOSES**

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY    STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME: Daniel L. Carter (SBN: 250711) / Aman Chahal (SBN: 350479)<br>FIRM NAME: Carter Law Group<br>STREET ADDRESS: 2445 Capitol Street Suite 105<br>CITY: Fresno          STATE: CA     ZIP CODE: 93721<br>TELEPHONE NO.: 559-485-1212     FAX NO.: 559-485-1210<br>EMAIL ADDRESS: legaldocs@carterlawgroup.com<br>ATTORNEY FOR (name): Plaintiff Louise Bruno | **E-FILED**<br>10/7/2024 12:06 PM<br>Superior Court of California<br>County of Fresno<br>By: T. Espinoza, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  FRESNO**
 STREET ADDRESS: 1130 "O" STREET
 MAILING ADDRESS: 1130 "O" STREET
CITY AND ZIP CODE: Fresno 93721
  BRANCH NAME: B.F. Sisk Courthouse

  PLAINTIFF: Louise Bruno, an individual

DEFENDANT: Walmart Inc., a Delaware Corporation; and

[x]  DOES 1 TO 20 inclusive

| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | CASE NUMBER: |
|---|---|
| [ ]  **AMENDED** *(Number):*<br>**Type** *(check all that apply):*<br>[ ] **MOTOR VEHICLE**  [x]  **OTHER** *(specify):* PREMISE LIABILITY<br>  [ ]  **Property Damage**  [ ]  **Wrongful Death**<br>  [x]  **Personal Injury**  [ ]  **Other Damages** *(specify):* | **24CECG04348** |

**Jurisdiction** *(check all that apply):*
[ ]  **ACTION IS A LIMITED CIVIL CASE  (does not exceed $35,000)**
  Amount demanded  [ ]  does not exceed $10,000
          [ ]  exceeds $10,000
[x]  **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
[ ]  **ACTION IS RECLASSIFIED by this amended complaint**
    [ ]  **from limited to unlimited**
    [ ]  **from unlimited to limited**

1.  **Plaintiff** *(name or names):* Louise Bruno, an individual

   alleges causes of action against **defendant** *(name or names):*
   Walmart Inc., a Delaware Corporation; and DOES 1 to 20 inclusive

2.  This pleading, including attachments and exhibits, consists of the following number of pages: 5

3.  Each plaintiff named above is a competent adult
   a.  [ ]  **except** plaintiff *(name):*
         (1) [ ]  a corporation qualified to do business in California.
         (2) [ ]  an unincorporated entity *(describe):*
         (3) [ ]  a public entity *(describe):*
         (4) [ ]  a minor  [ ]  an adult
               (a) [ ]  for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
               (b) [ ]  other *(specify):*
         (5) [ ]  other *(specify):*
   b.  [ ]  **except** plaintiff *(name):*
         (1) [ ]  a corporation qualified to do business in California.
         (2) [ ]  an unincorporated entity *(describe):*
         (3) [ ]  a public entity *(describe):*
         (4) [ ]  a minor  [ ]  an adult
               (a) [ ]  for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
               (b) [ ]  other *(specify):*
         (5) [ ]  other *(specify):*

   [ ]  Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

PLD-PI-001

| SHORT TITLE:<br>Bruno v. Walmart Inc. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ **except** defendant *(name):* Walmart Inc.
   - (1) ☐ a business organization, form unknown.
   - (2) ☒ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants *(specify Doe numbers):* 1 through 10 inclusive   were the agents or employees of other named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* 11 through 20 inclusive   are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

   a. ☐ at least one defendant now resides in its jurisdictional area.

   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.

   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**

   a. ☐ has complied with applicable claims statutes, **or**

   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE:<br>Bruno v. Walmart Inc. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

    a. ☐ Motor Vehicle

    b. ☒ General Negligence

    c. ☐ Intentional Tort

    d. ☐ Products Liability

    e. ☒ Premises Liability

    f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

    a. ☒ wage loss.

    b. ☒ loss of use of property.

    c. ☒ hospital and medical expenses.

    d. ☒ general damage.

    e. ☒ property damage.

    f. ☒ loss of earning capacity.

    g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

    a. ☐ listed in Attachment 12.

    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. (1) ☒ compensatory damages.

       (2) ☐ punitive damages.

    b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

       (1) ☒ according to proof.

       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: October 4, 2024

Aman Chahal, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]          **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**          Page 3 of 3

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bruno v. Walmart Inc. | |

FIRST
_____ **CAUSE OF ACTION—Premises Liability**   Page    4
(number)

ATTACHMENT TO [ x ] Complaint    [  ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1.Plaintiff *(name):*  Louise Bruno, an individual _____

        alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

        On *(date):* October 26, 2022          plaintiff was injured on the following premises in the following

        fashion *(description of premises and circumstances of injury):*

Plaintiff, LOUISE BRUNO, was shopping at a Walmart Store located at 7065 North Ingram Avenue in the City of Fresno, County of Fresno. Plaintiff LOUISE BRUNO stepped on a slippery substance on the store floor which caused her to slip and fall and sustain significant personal injuries, resulting in general and special damages. Defendant WALMART INC. and DOES 1 to 20, were the proximate legal cause of this incident who negligently and maliciously failed to maintain the their property in a safe condition and failed to warn against a dangerous and hazardous condition.

Prem.L-2. [ x ] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
        operated the described premises were *(names):*
        Walmart Inc., a Delaware Corporation; and

        [ x ] Does 1 _____ to 20 _____

Prem.L-3. [ x ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
        or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
        *(names):*
        Walmart Inc., a Delaware Corporation; and

        [ x ] Does 1 _____ to 20 _____
        Plaintiff, a recreational user, was [  ] an invited guest [  ] a paying guest.

Prem.L-4. [  ] *Count Three—Dangerous Condition of Public Property* The defendants who owned public property
        on which a dangerous condition existed were *(names):*

        [  ] Does _____ to _____
        a. [  ] The defendant public entity had [  ] actual [  ] constructive notice of the existence of the
           dangerous condition in sufficient time prior to the injury to have corrected it.
        b. [  ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ x ] **Allegations about Other Defendants** The defendants who were the agents and employees of the other
        defendants and acted within the scope of the agency were *(names):*
        Walmart Inc., a Delaware Corporation; and

        [ x ] Does 1 _____ to 20 _____
        b. [  ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
           [  ] described in attachment Prem.L-5.b [  ] as follows *(names):*

Page 1 of 1

**CAUSE OF ACTION—Premises Liability**

PLD-PI-001(2)

| SHORT TITLE:<br>Bruno v. Walmart Inc. | CASE NUMBER: |
|---|---|

SECOND _____   **CAUSE OF ACTION—General Negligence**   Page ____5____
     (number)

ATTACHMENT TO  [x] Complaint      [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Louise Bruno, an individual

  alleges that defendant *(name)*: Walmart Inc., a Delaware Corporation; and

     [x] Does   1_____   to  20_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on *(date)*: October 26, 2022

at *(place)*: Fresno County, California

*(description of reasons for liability):*
Walmart Store located at 7065 N. Ingram Avenue in the City of Fresno, County of Fresno, State of California ("Subject
Property") is a business owned, operated, managed, maintained and/or controlled by Defendant WALMART INC. Plaintiff
LOUISE BRUNO was at all times relevant a lawful visitor on the Subject Property.

Defendants, and each of them, owed a duty to Plaintiff LOUISE BRUNO to exercise reasonable care in keeping the Subject
Property in a reasonably safe condition. Plaintiff LOUISE BRUNO was pushing a shopping cart as she walked through the
Subject Property when she stepped on a slippery substance on the floor causing her to fall and sustain injuries. Defendants,
and each of them, negligently owned, operated, managed, maintained, inspected and equipped the Subject Property in a
dangerous, hazardous and/or and defective condition and failed to properly clean and maintain the Subject Property floors in
reasonably safe condition. Defendants, and each of them, knew or should have known of the dangerous and defective
condition of the Subject Premises. Defendants failed to use reasonable care to keep the Subject Property in a reasonable
safe condition and failed to prevent the dangerous condition, warn against the risk, or otherwise prevent Plaintiff LOUISE
BRUNO from suffering harm.

As a proximate result of the failure of Defendants, and each of them, to maintain the Subject Property, Plaintiff LOUISE
BRUNO was injured in her health, strength, and activity, sustaining injury to her body and nervous system. These injuries
have caused and continue to cause Plaintiff LOUISE BRUNO great mental, physical, and nervous pain and suffering. As a
further proximate result of the negligence of the Defendants, as herein alleged, Plaintiff LOUISE BRUNO was required to and
did employ physicians for medical examinations, treatment, and care of these injuries. As a result Plaintiff LOUISE BRUNO
incurred medical and incidental expenses.

Page 1 of 1

# Alternative Dispute Resolution Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court.  Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

 ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

### *Civil Standing Order Regarding ADR:*

In 2006, a Case Management Conference (CMC) Standing Order 07-0628, was implemented requiring parties in general civil cases filed in Fresno County Superior Court to participate in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresno.courts.ca.gov under the "Forms," section.  Please note, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord / Tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

 The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often

help parties resolve disputes without having to go to court or trial.  Below is a description of commonly used processes:

## *Mediation*

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute will be resolved, the parties do. It is a cooperative process guided by the mediator to create an agreement that addresses each person's interests. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary and confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

## *Arbitration*

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute**. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration is generally quicker, less expensive and less formal than a lawsuit. An arbitrator can often hear a case in a matter of hours rather than days in a trial. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding Arbitration**: Usually conducted by a private arbitrator, this process takes place outside of the Court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-Binding Arbitration**: May be ordered through the Court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding."  This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## *Case Evaluation*

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or procedural questions to be worked out.  This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR are normally put into writing and can become binding contracts that are enforceable in court. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include Conciliation, Settlement Conference, Fact Finding, Mini-Trial, Victim Offender Conferencing, and Summary Jury Trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute.  Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR is even used to resolve disputes after trial, when the result is appealed.

### Disadvantages

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
  - Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision.  Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, many programs and the Court have established qualification requirements and standards of conduct for their neutral panels.


## *Mediation Services Offered by Fresno County Superior Court*

### *Mediation Practitioner Panel:*

Fresno County Superior Court, Alternative Dispute Resolution (ADR) Department maintains a fee-for-service Mediation Panel as a public service for court litigants and the community.  Those listed have met the Court's eligibility requirements and have agreed to abide by the Court's professional standards of conduct in order to participate as a panel member. The panel list can be found on the Court's website under the Alternative Dispute Resolution link,  **www.fresno.courts.ca.gov/alternative_dispute_resolution/**


## Free / Low Cost ADR Service Options

For cases involving self-represented litigants or those unable to afford a private mediator, the court contracts with the following organization to provide free or low cost mediation services through Dispute Resolution Program Act (DRPA) funding.

- **Better Business Bureau Mediation Center-** *This organization provides mediation for family law property disputes, small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to* **www.bbb.org/central-california-inland-empire/programs-services/mediation-services**

  *2600 W. Shaw Lane*
  *Fresno, CA 93711*
  *559.256.6300 (phone)*
  *800.675.8118, ext. 300 (toll free)*


For more information, go to www.fresno.courts.ca.gov/alternative_dispute_resolution or contact:

| | |
|---|---|
| Mari Henson, Administrator | Carlos Guzman, Asst. Administrator |
| 1130 "O" Street, Fresno, CA. 93724 | 1130 "O" Street, Fresno. CA. 93724 |
| TEL (559) 457-1908, FAX (559) 457-1691 | TEL (559) 457-1909, FAX (559) 457-1691 |
| mhenson@fresno.courts.ca.gov | cguzman@fresno.courts.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO: | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation     ☐ Arbitration     ☐ Neutral Case Evaluation     ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:     (     ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The selected ADR process must be completed prior to the Mandatory Settlement Conference. Unless excused by the Court upon a timely showing of good cause by written declaration, failure to complete ADR may result in the cancellation of a Mandatory Settlement Conference and Court-imposed sanctions.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| _____ | _____ | _____ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| _____ | _____ | _____ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| _____ | _____ | _____ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01  R08-20              STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)
MANDATORY

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | *FOR COURT USE ONLY* |
|---|---|
| CASE TITLE: | |
| **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR) ATTACHMENT** | CASE NUMBER: |

---
Date     Type or Print Name     Signature of Party or Attorney for Party

---
Date     Type or Print Name     Signature of Party or Attorney for Party

---
Date     Type or Print Name     Signature of Party or Attorney for Party

---
Date     Type or Print Name     Signature of Party or Attorney for Party

---
Date     Type or Print Name     Signature of Party or Attorney for Party

---
Date     Type or Print Name     Signature of Party or Attorney for Party

---
Date     Type or Print Name     Signature of Party or Attorney for Party

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:

*FOR COURT USE ONLY*

TELEPHONE NO:                              FAX NO:

ATTORNEY FOR *(Name)*:

## SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:

☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:

☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No   Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No   Reason for delay: _____

         Next scheduled hearing date: _____

Type of resolution process used:

☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:

☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03  R11-011          **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)**          Page 1 of 2
**MANDATORY**

**Case Number:** _____

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

 If the dispute resolution process caused an increase in court time for this case, please check the  estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes              ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel L. Carter (SBN: 250711) / Aman Chahal (SBN: 350479)<br>Carter Law Group, 2445 Capitol Street Suite 105, Fresno, CA 93721<br><br>TELEPHONE NO.: 559-485-1212    FAX NO.: 559-485-1210<br>EMAIL ADDRESS: legaldocs@carterlawgroup.com<br>ATTORNEY FOR (Name): Plaintiff LOUISE BRUNO | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO | |
|---|---|
| STREET ADDRESS: 1130 "O" STREET<br>MAILING ADDRESS: 1130 "O" STREET<br>CITY AND ZIP CODE: Fresno 93721<br>BRANCH NAME: B.F. Sisk Courthouse | **E-FILED**<br>10/7/2024 12:06 PM<br>Superior Court of California<br>County of Fresno<br>By: T. Espinoza, Deputy |

**CASE NAME:**
Bruno v. Walmart Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $35,000)   $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CECG04348<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): TWO
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 4, 2024

Aman Chahal (SBN: 350479)
_____ ▶ _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

# EXHIBIT B

B1778-6448  05/24/2023  2:05 PM Received by California Secretary of State



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

## -FILED-

File No.: BA20230847921

Date Filed: 5/24/2023

### Entity Details

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Entity No. | 1634374 |
| Formed In | DELAWARE |

### Street Address of Principal Office of Corporation

| | |
|---|---|
| Principal Address | 702 SW 8TH STREET BENTONVILLE, AR 72716 |

### Mailing Address of Corporation

| | |
|---|---|
| Mailing Address | 702 SW 8TH STREET BENTONVILLE, AR 72716 |
| Attention | |

### Street Address of California Office of Corporation

| | |
|---|---|
| Street Address of California Office | None |

### Officers

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| ▪ C. Douglas McMillon | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Chief Executive Officer |
| ▪ Rachel Brand | 702 SW 8TH STREET Bentonville, AR 72716 | Secretary |
| ▪ John David Rainey | 702 SW 8TH STREET Bentonville, AR 72716 | Chief Financial Officer |

### Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| ▪ C. Douglas McMillon | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Director |
| ▪ John David Rainey | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | EVP |
| ▪ Rachel Brand | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | EVP |
| ▪ Emma Waddell | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President |
| ▪ Gordon Y. Allison | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President  & Assistant Secretary |
| ▪ Jessica Rancher | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Vice President | |
| ▪ Matthew Allen | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Vice President & Assistant Treasurer |
| ▪ Sarah Little | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Assistant Secretary | |
| ▪ Geoffrey Edwards | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Assistant Secretary | |

Page 1 of 2

| ▣ Michael Cook | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President & Assistant Treasurer |
|---|---|---|---|

**Agent for Service of Process**

California Registered Corporate Agent (1505)

C T CORPORATION SYSTEM
Registered Corporate 1505 Agent

**Type of Business**

Type of Business

Retail Sales

**Email Notifications**

Opt-in Email Notifications

Yes, I opt-in to receive entity notifications via email.

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Kelly Lettmann*
Signature

*05/24/2023*
Date

B1778-6449  05/24/2023  2:05 PM Received by California Secretary of State

# EXHIBIT C

**Details**

---

**For service of process contact the Secretary of State's office.**

LLC Member information is now confidential per Act 865 of 2007

**For access to our corporations bulk data download service click here.**

Corporation Name
WALMART INC.

Fictitious Names
BUD'S DISCOUNT CITY
BUD'S WAREHOUSE OUTLET
BUD'S WAREHOUSE OUTLET
FORT SMITH REMARKETING
SAM'S CLUB
SAM'S WHOLESALE CLUB
WAL-MART
WAL-MART AVIATION
WAL-MART EXPRESS
WAL-MART NEIGHBORHOOD MARKET
WAL-MART NEIGHBORHOOD MARKET
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER #1147
WAL-MART SUPERCENTER #8
WAL-MART VACATIONS
WALTON LIFE FITNESS CENTER

Filing #
100067582

Filing Type
Foreign For Profit Corporation

Filed Under Act
For Bus Corp; 958 of 1987

Status
Good Standing

Principal Address
—

Page 57

Reg. Agent
C T CORPORATION SYSTEM

Agent Address
124 WEST CAPITOL AVENUE, SUITE 1900 LITTLE ROCK, AR 72201

Date Filed
03/31/1970

Officers
SEE FILE, Incorporator/Organizer
JESSICA . RANCHER, Vice-President
RACHEL . BRAND, Secretary
C DOUGLAS MCMILLON, President

Foreign Name
—

Foreign Address
702 SW 8TH STREET BENTONVILLE, AR 72716

State of Origin
DE
Purchase a Certificate of Good Standing for this Entity
Pay Franchise Tax for this corporation

# EXHIBIT D

David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. (SBN 341732)
ptorres@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:    (949) 942-8500
Facsimile:    (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

E-FILED
10/21/2024 1:29 PM
Superior Court of California
County of Fresno
By: Kenia Clemente, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF FRESNO

| | |
|---|---|
| LOUISE BRUNO, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware corporation;<br>and DOES 1 to 20, inclusive,<br><br>            Defendants. | Case No.  24CECG04348<br><br>**Assigned For All Purposes To:**<br>Hon. D. Tyler Tharpe<br>Dept. 501<br><br>**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:    08/04/2024<br>Trial Date:         None Set |

Defendant WALMART, INC. ("Defendant"), by and through its attorneys, answers Plaintiff LOUISE BRUNO's Complaint ("Complaint") in this action as follows:

## GENERAL DENIAL

Defendant denies both generally and specifically each and every allegation in said unverified complaint and the whole thereof, including a denial that Plaintiff has been or will be injured or damaged whether in the manner alleged, or in any other manner or sum, or at all, as permitted by California Code of Civil Procedure § 431.30(d). In further response to Plaintiff's Complaint, Defendant denies that Plaintiff has sustained any injury, damage, or loss, by reason of any act or omission of Defendant or its agents or employees.

1

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**FIRST AFFIRMATIVE DEFENSE**

1.    The Complaint, and each and every purported cause of action contained therein, fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.    Each cause of action asserted in Plaintiff's Complaint is barred by the statute of limitations as set forth in Code of Civil Procedure §§335.1, 337.1, 337.15, and 340.

**THIRD AFFIRMATIVE DEFENSE**

3.    Defendant contends that Plaintiff was concurrently and contributorily negligent in and about the matters referred to in said Complaint on file herein, and that said carelessness and negligence on Plaintiff's own part proximately and directly contributed to and caused the injuries, loss, and damages complained of by Plaintiff, if any there were.

**FOURTH AFFIRMATIVE DEFENSE**

4.    Defendant contends that the injuries and damages complained of by Plaintiff, if any there were, were either wholly or in part proximately caused by negligence or other wrongful acts or omissions of persons or entities other than answering Defendant, and that said negligence or wrongful acts or omissions either are imputed to Plaintiff by reason of his relationship with said persons or entities, or comparatively reduce the proportion of negligence and corresponding liability of answering Defendant, if any, which liability is specifically denied.

**FIFTH AFFIRMATIVE DEFENSE**

5.    Defendant contends that if liability is assessed against it, pursuant to Civil Code § 1431 et. seq., Defendant shall be liable only for the amount of non-economic damages allocated to it in direct proportion to the percentage of fault assessed against it by the trier of fact and requests that a separate judgment be rendered against it for that amount; but that Defendant in setting forth this affirmative defense makes no admission that it is liable to Plaintiff in any amount or in any proportion; and Defendant, in setting forth this affirmative defense, make no admission that Plaintiff has been damaged in any sum or sums at all.

**SIXTH AFFIRMATIVE DEFENSE**

6.    Plaintiff failed to exercise reasonable care and diligence to avoid loss and to

2

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

minimize and mitigate his damages, if any there were, and that this failure to mitigate damages alone aggravated any damages or injuries to Plaintiff, if any, and therefore precludes or reduces recovery against answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Defendant contends that Plaintiff knew, or in the exercise of reasonable care, should have known of the risks and hazards involved in the undertaking in which she engaged, but nevertheless and with full knowledge of these things, did fully and voluntarily consent to assume the risks and hazards involved in the undertaking.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Defendant contends that pursuant to Government Code §830.2 and its progeny the risk, if any, created by the alleged dangerous condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used.

## NINTH AFFIRMATIVE DEFENSE

9.    Defendant contends that the events, injuries, losses, and damages, if any, complained of were the result of an unavoidable accident insofar as answering Defendant is concerned and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

10.    The provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51) Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432 are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence of fault of persons or entities other than answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant contends that any and all conduct of which Plaintiff complains, and which is attributed to answering Defendant, or its agents or employees was a just and proper

3

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

exercise of management discretion on the part of answering Defendant and its agents and employees undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendant contends that plaintiff's cause of action for premises liability is barred because Defendant did not have actual notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendant contends that plaintiff's cause of action for premises liability is barred because Defendant did not have constructive notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant contends that plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for plaintiff's own safety in order to avoid the alleged incident. The resulting injuries and damages, if any, sustained by plaintiff were proximately caused and contributed to by the negligence of plaintiff, in that any possible danger with regard to the accident was open and obvious to anyone using reasonable care.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. At the time and place of the occurrence alleged in the complaint, plaintiff failed to exercise ordinary care on his own behalf for his own safety. That negligence caused the injury and damage, if any, that she sustained. Consequently, plaintiffs right to recover should be diminished by his proportional share of fault.

Lastly, this answering Defendant presently does not have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. This answering Defendant reserves its rights to assert additional affirmative defenses in the event that the discovery indicates they would be appropriate.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1.   That Plaintiff take nothing by way of the Complaint;

2.   That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.   For attorneys' fees and costs of suit incurred in defense of this action; and

4.   For such other, further relief, as this Court may deem just and proper.

DATED:   October 18, 2024          By:  **O'HAGAN MEYER**

_____
David Davidson, Esq.
Pilar Torres, Esq.
Attorneys for Defendant,
WALMART, INC.

5

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                             ) ss.
COUNTY OF LOS ANGELES        )

    I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

    On **October 21, 2024**, I served the within document(s) described as: **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the parties in said action as follows:

**SEE SERVICE LIST**

    ☐    **BY MAIL** (CCP § 1013) - I caused the documents described above to be deposited for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

    ☐    **BY FAX:** (CCP § 1013 (e); CRC 2.306 (a) (b)) – I caused such document(s) to be electronically transmitted by facsimile to the respective fax number(s) of the party(ies) as stated on the attached Service List.

    ☒    **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com.  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    ☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on **October 21, 2024,** at Los Angeles, California.

_____
*Amber Gurzenski*

1

PROOF OF SERVICE

**SERVICE LIST**
*Bruno, Louise v. Walmart, Inc.*
Fresno Superior Court Case No. 24CECG04348
O'Hagan Meyer File No.: 2967-41971

Daniel L. Carter, Esq.                          Attorneys for Plaintiff
Aman Chahal, Esq.                               Louise Bruno
**Carter Law Group**
2445 Capitol Street Suite 105
Fresno, CA 93721
Tel: 559-485-1212; Fax: 559-485-1210
legaldocs@carterlawgroup.com

2
PROOF OF SERVICE

# EXHIBIT E

Daniel L. Carter (State Bar No. 250711)
**CARTER LAW GROUP**
2445 Capitol Street, Suite 105
Fresno, CA 93721
Phone: 559-485-1212 ♦ Fax: 559-485-1210

Attorney for Plaintiff, LOUISE BRUNO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF FRESNO

| | |
|---|---|
| LOUISE BRUNO, an individual, ) | Case No.: 24CECG04348 |
| ) | |
| Plaintiff, ) | **OFFER TO COMPROMISE** |
| vs. ) | [C.C.P. § 998] |
| ) | |
| WALMART, INC., a Delaware corporation; ) | Complaint Filed: August 04, 2024 |
| and DOES 1 to 20, inclusive, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

TO DEFENDANT AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Code of Civil Procedure § 998, Plaintiff, LOUISE BRUNO (hereinafter "Plaintiff") hereby offers to accept the sum of $890,000.00 (Eight Hundred Ninety Thousand dollars) to compromise the pending action, in exchange for the following:

///

///

1

OFFER TO COMPROMISE [C.C.P. § 998]

1.  A dismissal with prejudice of herein-noticed Defendant from the captioned action, and each cause of action and claim alleged against herein-noticed Defendant in Plaintiff's Complaint, subject to a signed release of all claims;

2.  Plaintiff's agreement for themselves and on behalf of their heirs, sucessors, and assigns to release herein-noticed Defendant from any claims, injuries, and/or damages now asserted or alleged in the instant action;

3.  Plaintiff's agreement for themselves and on behalf of their heirs, sucessors, and assigns that Plaintiff and their heirs, sucessors, and assigns will not sue herein-mentioned Defendant in the future for any claims, injuries or damages now asserted or alleged in the instant action;

4.  Plaintiff and herein-noticed Defendant to bear their own costs and expenses, attorney fees, and interest; and

5.  Plaintiff satisfy any and all liens (statutory, governmental, attorney liens, or otherwise) that may attach to either of the Plaintiff's recovery in this action, and said liens are to remain Plaintiff's responsibility.

PLEASE TAKE NOTICE that if herein-noticed Defendant does not accept the above offer within thirty (30) days from the date it is made or prior to trial, whichever occurs first, and herein-noticed Defendants fails to obtain a more favorable judgment or award, herein noticed Defendant shall not recover their costs and Plaintiff will seek costs and expert witness fees as provided for in Code of Civil Procedure § 998.

Defendant WALMART, INC.'s, acceptance of this offer may be indicated by the signature of their counsel on the statement below

Date: January 24, 2025                    CARTER LAW GROUP

_____
Daniel L. Carter, Esq.
Attorney for Plaintiff

2

OFFER TO COMPROMISE [C.C.P. § 998]

## NOTICE OF ACCEPTANCE OF OFFER TO COMPROMISE

TO PLAINTIFF, LOUISE BRUNO AND THE ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Defendant WALMART, INC. accepts the above offer under the terms fully set forth therein.


Date:                          **O'HAGAN MEYER LLP**




_____

David Davidson, Esq.
Pilar Torres, Esq.
Attorneys for Defendant,
WALMART, INC.

OFFER TO COMPROMISE [C.C.P. § 998]

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                  ) ss:
COUNTY OF FRESNO          )

       I am employed in the County of Fresno, State of California. I am over the age of 18 years and not a party to the within action. My business address is 2445 Capitol Street, Suite 105, Fresno, CA 93721. I am employed in the office of a member of the Bar of this Court, at whose direction I made this service.

       On January 24, 2025, I delivered the foregoing documents: **OFFER TO COMPROMISE [C.C.P. § 998] & NOTICE OF ACCEPTANCE** on all parties as follows:

| |
|---|
| David Davidson, Esq. (SBN 215969) |
| Pilar Torres, Esq. (SBN 341732) |
| O'HAGAN MEYER LLP |
| 4695 MacArthur Ct., Suite 900 |
| Newport Beach, CA 92660 |
| Telephone: (949) 942-8500 |
| Emails: |
| ddavidson@ohaganmeyer.com |
| ptorres@ohaganmeyer.com |
| agoncharova@ohaganmeyer.com |
| agurzenski@ohaganmeyer.com |
| bdugan@ohaganmeyer.com |
| Attorneys for Defendant, |
| WALMART, INC. |

/X /    EMAIL OR ELECTRONIC TRANSMISSION: Pursuant to Code of Civil Procedure, section 1010.6(a)(2) I caused the aforementioned document(s) to be transmitted by email to the address(es) listed above. The email addresses to be used for electronic service has been confirmed and acceptance of electronic service has been agreed to. I am "readily familiar" with this office's practice for transmissions by email. In sending the foregoing document(s) by email, I followed this office's ordinary business practices. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. The sending email addresses is: legaldocs@carterlawgroup.com.

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 24, 2025, at Fresno, California.

                                 /s/ Cierra Aranda
                                 Cierra Aranda

4

OFFER TO COMPROMISE [C.C.P. § 998]

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **February 4, 2025**, I served the within document(s) described as:

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

on the parties in said action as follows:

☐ **BY ELECTRONIC TRANSMISSION:** The undersigned hereby certifies that on 2/4/2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **February 4, 2025,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

CERTIFICATE OF SERVICE

**SERVICE LIST**
*Bruno, Louise v. Walmart, Inc.*
O'Hagan Meyer File No.: 2967-41971

Daniel L. Carter, Esq.                     Attorneys for Plaintiff
Aman Chahal, Esq.                          Louise Bruno
**Carter Law Group**
2445 Capitol Street Suite 105
Fresno, CA 93721
Tel: 559-485-1212; Fax: 559-485-1210
legaldocs@carterlawgroup.com
dcarter@carterlawgroup.com

**CERTIFICATE OF SERVICE**